**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 1:25-CR-00296-1 |
| v. | Judge Edmond E. Chang |
| KESHAWN D. KEATON, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Keshawn Keaton is charged with the unlawful possession of a firearm as a convicted felon, 18 U.S.C. § 922(g)(1). R. 1, Indictment.[1] He moves to dismiss the charge, arguing that the felon-dispossession statute violates the Second Amendment. R. 31, Def.'s Mot. Based on the Seventh Circuit's recent decisions in *United States v. Prince*, — F.4th —, USCA No. 23-3155, 2026 WL 905432 (7th Cir. Apr. 2, 2026), and *United States v. Watson*, — F.4th —, USCA No. 24-2432, 2026 WL 905433 (7th Cir. Apr. 2, 2026), the statute is constitutional as applied to Keaton because "historical disarmament laws support disarming … dangerous felons." *Watson*, 2026 WL 905433 at *10. And because the statute is not unconstitutional in all its applications, Keaton's facial challenge also fails. *Prince*, 2026 WL 905432, at *2. The motion is denied.

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

## I. Background

Keaton has two prior felony convictions in the Circuit Court of Cook County, Illinois. *See* Def.'s Mot. at 2; R. 34, Gov.'s Resp. Br. at 4. In 2023, Keaton was convicted of arson for setting a car on fire (which was allegedly used in a homicide earlier that day). Gov.'s Resp. Br. at 4; R. 34-1, Gov.'s Exh. A, 04/19/2023 Sentencing Tr. at 2:23–3:9, 4:13–20. The state court found Keaton guilty of arson, but not homicide, in a bench trial. 04/19/2023 Sentencing Tr. at 4:21–5:2, 7:15–8:13. Keaton was sentenced to six years' imprisonment. *Id.* at 19:7–20:9. When Keaton was on parole for the arson conviction, parole officers discovered ammunition at his mother's home, where he was staying. Gov.'s Resp. Br. at 4; R. 34-2, Gov.'s Exh. B, 07/01/2024 Sentencing Tr. at 7:9–8:12. Keaton did not have a valid Firearm Owner's Identification Card. *Id.* at 8:13–14. So in 2024, he pled guilty to aggravated unlawful use or possession of a weapon and was sentenced to two years' imprisonment. *Id.* at 8:18–24, 10:2–7.

In this case, the government alleges that in March 2025, Illinois State Police twice tried to stop Keaton's vehicle after he violated traffic rules. Gov.'s Resp. Br. at 4. The first time, Keaton allegedly refused to stop and evaded the police after a car chase. *Id.* Around a month later, Keaton again refused to stop, initiating another chase. *Id.* Eventually, Keaton jumped out of his car, threw a loaded gun with an extended magazine into a nearby home's backyard, and fled on foot until he was caught by troopers. *Id.* at 4–5. The police recovered the gun. *Id.* at 5. Keaton is now charged with knowingly possessing a firearm knowing that he had previously been convicted of a felony. Indictment.

## II. Legal Standard

Under Federal Rule of Criminal Procedure 12(b)(1), a "party may raise by pre-trial motion any defense, objection, or request that the court can determine without a trial on the merits." When considering a motion to dismiss a criminal indictment, the Court assumes that the indictment's factual allegations are true and must "view all facts in the light most favorable to the government." *United States v. Yashar*, 166 F.3d 873, 880 (7th Cir. 1999). But another way to view Keaton's legal challenge to the felon-dispossession statute is that the charge fails to adequately state an offense under Criminal Rule 12(b)(3)(B)(v), because the statute violates the Second Amendment. In any event, the analysis is the same given the question of law that is presented by the Second Amendment challenge, at least as Keaton has framed it.

## III. Analysis

Keaton brings both facial and as-applied challenges to § 922(g)(1). Def.'s Mot. at 1. A facial challenge is "a claim that the law or policy at issue is unconstitutional in all its applications," *Lukaszczyk v. Cook County*, 137 F.4th 671, 673 (7th Cir. 2025) (cleaned up),[2] whereas an as-applied challenge contends that the statue is unconstitutional as applied to the defendant's particular activity, *Spence v. Washington*, 418 U.S. 405, 414 (1974). The Court addresses each argument, starting with the as-applied challenge.

---

[2]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

### A. As-Applied Challenge

The Second Amendment reads: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. The Second Amendment thus protects "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008). But that right can be limited when it comes to certain persons who are not law abiding. *See Watson*, 2026 WL 905433, at *4 (describing certain persons who may be constitutionally disarmed, including unlawful users of controlled substances and domestic abusers). In *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), the Supreme Court clarified that courts must undertake a text-and-history analysis to scrutinize when someone may be constitutionally disarmed. *Id.* at 17. Under *Bruen*, the Court first asks whether "the Second Amendment's plain text covers an individual's conduct." *Id.* If it does, then the conduct is presumptively protected. *Id.* The government then bears the burden to "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 19.

Applying that test, the Seventh Circuit recently rejected an as-applied challenge to § 922(g)(1) by an individual with a prior felony for possession of cocaine with intent to distribute. *See Watson*, 2026 WL 905433, at *1, 11. First, the court rejected the government's argument that felons are not among "the people" who have the right to bear arms and that they thus are not plainly covered by the Second Amendment.

*Id.* at \*4–5. Noting the Supreme Court's instruction that "'the people' 'unambiguously refers to all members of the political community, not an unspecified subset,'" the Seventh Circuit concluded that the phrase "at least encompasses citizens, which includes felons." *Id.* (quoting *Heller*, 554 U.S. at 580). Although felons have been historically denied *collective* rights—like the right to vote and serve on a jury—they have not been historically deprived of *individual* rights, such as the right to own a firearm. *Id.* at \*5. So felons "are part of 'the people' as members of our national 'political community,'" and are presumptively protected by the Second Amendment. *Id.* (quoting *Heller*, 554 U.S. at 580).

At *Bruen*'s second step, the Seventh Circuit acknowledged that there were "few if any Founding-era felon in possession laws." *Watson*, 2026 WL 905433, at \*6. But the court nonetheless noted that two "enduring traditions … merit consideration" in this context. *Id.* at \*7. "First, legislatures deemed groups 'dangerous' and categorically disarmed them. Second, legislatures established as punishment the death penalty for violent felony convictions. The greater power to execute necessarily includes the lesser power to disarm." *Id.* "Taken together, these traditions support disarming those with dangerous felonies." *Id.* (cleaned up); *see also id.* at \*7–10 (describing these traditions in depth).

Finally, the Seventh Circuit concluded that § 922(g)(1), "as applied to Watson, fits within that tradition" of disarming dangerous felons. *Watson*, 2026 WL 905433, at \*10. Canvassing federal statutes, case law, and the U.S. Sentencing Guidelines, the court concluded that possession of a controlled substance with the intent to

5

distribute it is a dangerous crime. *Id.* ("A dealer of illegal drugs is more than just irresponsible; he is a threat to the physical safety of society."). Thus, because Watson's prior felony conviction was for a dangerous crime, he could be constitutionally disarmed under the felon-dispossession statute. *Id.* at \*10–11.

Keaton, too, was previously convicted of a dangerous felony: arson.[3] Federal case law characterizes arson as a dangerous crime. *Begay v. United States*, 553 U.S. 137, 144–45 (2008) (characterizing arson as "typically involv[ing] purposeful, violent, and aggressive conduct" (cleaned up)), *abrogated on other grounds by Johnson v. United States*, 576 U.S. 591, 597, 600, 606 (2015); *United States v. Konopka*, 409 F.3d 837, 839 (7th Cir. 2005) (describing how there is a "heavy federal penalty" for arson because "fire is abnormally dangerous"). And federal statutes carry enhanced penalties for arson or the use of fire to commit a felony, confirming that Congress reasonably views arson as particularly dangerous. *See* 18 U.S.C. § 844(h)–(i) (imposing sentencing minimums for arson and felonies committed using fire); *id.* § 924(e)(2)(B)(ii) (defining "violent felony" to include arson for the purpose of sentencing enhancements under the Armed Career Criminal Act). Because Keaton was convicted of a dangerous felony, § 922(g)(1) is constitutional as applied to him. *See Watson*, 2026 WL 905433, at \*10–11.

---

[3]The Seventh Circuit did not decide whether Watson's other felony conviction for possessing a firearm while being an unlawful user of a controlled substance could also justify disarming him. *See Watson*, 2026 WL 905433, at \*11. This Court likewise declines to opine on whether Keaton could be constitutionally disarmed based on his second felony conviction for aggravated unlawful use of a weapon.

6

Keaton argues that "his prior convictions, though serious, are not enough to permanently deny him the right to bear arms," R. 38, Def.'s Reply Br. at 16, but he does not explain why arson is not a "dangerous" felony. The rest of Keaton's as-applied arguments generally dispute the notion that our nation's traditions support disarming all dangerous felons. *See, e.g.*, Def.'s Mot. at 12–13 (arguing that history and tradition only support disarming individuals who pose a specific risk of armed rebellion). But *Watson* broadly holds that individuals with dangerous felony convictions may be constitutionally disarmed. *See* 2026 WL 905433, at \*6–10. Thus, Keaton's as-applied challenge fails.

### B. Facial Challenge

Because § 922(g)(1) is constitutional as applied to both Watson and Keaton, it is not unconstitutional in all its applications, and Keaton's facial challenge also fails. Indeed, if there was any doubt, the Seventh Circuit recently held that § 922(g)(1) is not facially unconstitutional. *See Prince*, 2026 WL 905432, at \*2; *see also Karwacki v. Kaul*, — F.4th —, USCA No. 25-2361, 2026 WL 905431, at \*2 (7th Cir. Apr. 2, 2026) ("*Prince* and *Watson* reject contentions that § 922(g)(1) is invalid on its face (that is, in all possible applications).").[4]

---

[4]In a supplemental brief, Keaton "acknowledges that the Seventh Circuit has now squarely held" that § 922(g)(1) is facially constitutional, but "preserves his objection to § 922(g)(1) for further review and maintains that these decisions were wrongly decided based on the Second Amendment's history." R. 42, Def.'s Suppl. Br. at 1.

## IV. Conclusion

The motion to dismiss, R. 31, is denied. The Defendant and defense counsel shall confer, and then the parties shall confer on the next step of the prosecution. The parties shall file a joint status report by May 1, 2026.

ENTERED:


s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: April 22, 2026